# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ROBERT TEBELMAN,

   Petitioner,  : Case No. 1:24-cv-382

 - vs -   District Judge Douglas R. Cole
      Magistrate Judge Michael R. Merz

MICHAEL DEMARTINO,
 WARDEN, London Correctional
 Institution,

         :
   Respondent.

## REPORT AND RECOMMENDATIONS

  This is an action for a writ of habeas corpus under 28 U.S.C. § 2254 brought by Petitioner Robert Tebelman with the assistance of counsel, Attorney Kimberly Kendall.  Petitioner seeks relief from his conviction in the Putnam County Court of Common Pleas for rape of a child under ten years of age and his consequent sentence to life imprisonment without the possibility of parole.

  The case is before the Court for preliminary review under Rule 4 of the Rules Governing § 2254 Cases.  Under Rule 4 the Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  Upon filing the case was assigned to District Judge Douglas R. Cole and referred to the undersigned under the Court's Amended General Order 22-05.

1

Although Petitioner was convicted in Putnam County which lies within the Northern District of Ohio, venue is proper in this Court, the venue chosen by Petitioner, because this Court has personal jurisdiction of Petitioner's custodian, the Warden of the London Correctional Institution.  28 U.S.C. § 2241(d).

Upon preliminary review, the Magistrate Judge concludes that it plainly appears from the Petition that Petitioner is not entitled to habeas corpus relief because his Petition is barred by the statute of limitations.  28 U.S.C. § 2244(d), enacted by Congress in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Supreme Court has held a district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

The standard form for petitions under § 2254 instructs the petitioner at Paragraph 12: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." Petitioner's counsel has left this question unanswered.

In Ohio a conviction becomes final on direct review ninety days after the Ohio Supreme Court denies relief, which is the last day on which a defendant can seek review by the United States Supreme Court. In this case the Ohio Supreme Court denied a delayed appeal on February 16, 2010. *State v. Tebelman*, 2010-Ohio-481 (2010). Therefore Tebelman's conviction became final on direct review ninety days later on May 17, 2010, when he failed to seek review in the United States Supreme Court. The statute thus expired on May 17, 2011. The Petition was not filed until July 17, 2024, more than thirteen years later.

Petitioner's counsel apparently believed that the statute did not begin to run until the Ohio Supreme Court denied review of the Third Appellate District's decision affirming denial of a new trial. According to the Petition, that occurred July 18, 2023. If Petitioner's theory were correct the filing on July 17, 2024, would be timely. However, under 28 U.S.C. § 2244(d)(2), a properly filed collateral attack on the judgment will toll the statute of limitations while it is pending. Petitioner's motion for leave to file a new trial motion counts as a collateral attack on the judgment. But such an attack only tolls the statute if the statute has not yet run; it does not re-start the limitations period. *Payton v. Brigano,* 256 F.3d 405, 408 (6th Cir. 2001). The Motion for Leave to

3

File a Motion for New Trial was not filed in the Putnam Count Court of Common Pleas until October 1, 2021 (Petition, ECF No. 1, PageID 4), more than ten years after the statute had expired.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice as untimely. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 18, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this Report is being served by mail, three additional days are added to the objection period. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ *Michael R. Merz*
United States Magistrate Judge

\#