# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ROBERT TEBELMAN,

        Petitioner,    :    Case No. 1:24-cv-382

- vs -                      District Judge Douglas R. Cole
                                  Magistrate Judge Michael R. Merz

MICHAEL DEMARTINO,
  WARDEN, London Correctional
   Institution,

        Respondent.    :

## DECISION AND ORDER

This habeas corpus action under 28 U.S.C. §2254 is before the Court on Petitioner's Motion to Voluntarily Dismiss Without Prejudice (ECF No. 3).

Petitioner filed this action with the assistance of counsel on July 17, 2024. Proceeding under Rule 4 of the Rules Governing § 2254 Proceedings, the undersigned determined that the Petition was time-barred under 28 U.S.C. § 2244(d) and recommended that it be dismissed with prejudice (Report, ECF No. 2). At the conclusion of the Report, Petitioner was reminded that he had fourteen days or until August 1, 2024, in which to file objections. *Id.* at PageID 31.

In lieu of objections, Petitioner filed the instant Motion to Dismiss on August 1, 2024. Petitioner's counsel first notes that Fed.R.Civ.P. 41(a) provides a plaintiff may "dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties

1

who have appeared." Petitioner has filed neither a notice of dismissal nor a stipulation, but seeks a court order dismissing the case.

Petitioner does not concede that it is correct to calculate the limitations date based on completion of direct review as required by 28 U.S.C. § 2244(d)(1)(A). Instead he relies on § 2244(d)(1)(C) under which the statute commences to run from the date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner had presented what he purports to be newly discovered evidence to the Ohio courts in unsuccessful new trial proceedings which ended with the Ohio Supreme Court's decline of jurisdiction on July 18, 2023. The Petition was filed here July 17, 2024, within one year from the Ohio Supreme Court's decision. Petitioner does not describe the new evidence except to say that it is "material and undermined [sic] the entirety of the State's case against Mr. Tebelman" (Motion, ECF No. 3, PageID 34). Petitioner seeks dismissal without prejudice to "avoid unintentionally exhausting his right to petition for relief on other grounds." *Id.*

The Petition in this case says nothing about how the victim's recantation came about or Petitioner's diligence in obtaining it. Assuming Petitioner can demonstrate that he diligently sought the new evidence, the statute of limitations would have begun to run under § 2244(d)(1)(C) on the date of discovery. It would then have been tolled under § 2244(d)(2) until the new trial proceedings were complete on July 18, 2023. It would then have begun to run again and expired the next day. Although Petitioner filed here on the date when the statute would have expired, the pendency of a habeas petition does not toll the statute. A federal habeas petition is not an application for state collateral review and therefore does not toll the statute under § 2244. *Duncan v. Walker,* 533 U.S. 167 (2001).

2

Accordingly, Petitioner's Motion to Dismiss without Prejudice is DENIED.

August 1, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge
