# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ROBERT TEBELMAN,

                   Petitioner,           :     Case No. 1:24-cv-382

      - vs -                         District Judge Douglas R. Cole
                                         Magistrate Judge Michael R. Merz

MICHAEL DEMARTINO,
  WARDEN, London Correctional
  Institution,

                                    :
                   Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This is a habeas corpus action under 28 U.S.C. §2254 in which Petitioner is represented by counsel. Relevant pleadings are the Amended Petition (ECF No. 9), the State Court Record (ECF No. 16), and Respondent's Return of Writ (ECF No. 17). In the Order for Answer the Court set a reply date of twenty-one days after the Return was filed (ECF No. 10, PageID 85). That time expired January 10, 2025, but no reply was filed, nor has counsel sought or obtained an extension of time. Thus the case is ripe for decision without a reply.

**Litigation History**

Petitioner Robert D. Tebelman was indicted by a Putnam County grand jury on one count of rape of a child under ten. *Tebelman v. Brunsman,* 2012 U.S. Dist. LEXIS 39764, 2012 WL

1004759 (N.D. Ohio Oct. 12, 2012)(Baughman, M.J., adopted without objection, 2012 U.S. Dist. LEXIS 39763). He was convicted by a jury and sentenced to life imprisonment. *Id.*

On October 1, 2021, Tebelman filed a motion for leave to file[1] a motion for new trial based on the newly-discovered recantation of the allegations of rape by the victim (State Court Record, ECF No. 16, Ex. 4). Leave to file was granted and the trial court heard the new evidence, but denied a new trial. *Id.* at Ex. 16). Tebelman appealed, but denial of a new trial was affirmed. *State v. Tebelman*, 211 N.E. 3d 150, 2023-Ohio-882 (Ohio App. 3d Dist. Mar. 20, 2023). The Ohio Supreme Court declined jurisdiction over a further appeal. *State v. Tebelman*, 170 Ohio St. 1493 (2023). Tebelman filed his original Petition in this case on July 17, 2024 (Petition, ECF No. 1).

Upon initial review under Rule 4 of the Rules Governing § 2254 Proceedings, the undersigned found the Petition was untimely and recommended it be dismissed on that basis (ECF No. 2). In lieu of filing objections to that recommendation, Petitioner's counsel sought leave to file an amended petition (ECF No. 8). That motion was granted and the Amended Petition was filed August 26, 2024 (ECF No. 9). Instead of renewing the *sua sponte* limitations ruling, the undersigned ordered the Respondent to answer (ECF No. 10).

## Analysis

### Second or Successive: A Question of Subject Matter Jurisdiction

Tebelman previously sought habeas corpus relief under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Ohio in that Court's Case No. 3:10 CV 2271. As

---

[1] Under Ohio law, a defendant must obtain leave of court to file a motion for new trial based on newly-discovered evidence when more than 120 days have elapsed since the verdict. Ohio R. Crim. P. 33(B).

2

noted, that case was dismissed with prejudice March 23, 2012, and a certificate of appealability was denied.

No mention of this prior case is to be found in the Amended Petition.  The undersigned learned of it when reviewing the State Court Record (ECF No. 16) after the case apparently became ripe for decision when Petitioner did not file a reply by the January 10, 2025, deadline.

At common law there was no limit on the number of times a prisoner could apply for a writ of habeas corpus.  One of the restrictions on the writ enacted by Congress in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") was on second or successive petitions.  As codified at 28 U.S.C. § 2244(b) the AEDPA provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
>>
>> (B)
>>> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and
>>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)
>> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

3

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

Although 28 U.S.C. § 2241 confers habeas corpus jurisdiction on all federal judges, if a petition is second or successive, a district court lacks jurisdiction to consider it if the petitioner has not first received authorization from the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007), *Franklin v. Jenkins*, 839 F.3d 465(6ᵗʰ Cir. 2016). Although Respondent has not asserted the Amended Petition is second or successive, a federal court is obliged to consider the question *sua sponte*. *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908).

The original Petition in this case, now superseded by the Amended Petition, is plainly second in time. However, the Sixth Circuit has held:

This court has recognized that "not all second-in-time petitions are 'second or successive.'" *In re Coley*, 871 F.3d 455, 457 (6th

4

Cir.2017) (quoting *Panetti v. Quarterman*, 551 U.S. 930, 944, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007) ). "[A] numerically second petition is not properly termed 'second or successive' to the extent it asserts claims whose predicates arose after the filing of the original petition." *In re Jones*, 652 F.3d 603, 605 (6th Cir.2010). To determine whether a petition is second or successive, the abuse of the writ standard is applied. *In re Bowen*, 436 F.3d 699, 704 (6th Cir.2006) (collecting cases). "Under the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *Id.* (citing *McCleskey v. Zant*, 499 U.S. 467, 489, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) ). Additionally, "the phrase 'second or successive' 'must be interpreted with respect to the judgment challenged.' " *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir.2017) (quoting *Magwood v. Patterson*, 561 U.S. 320, 332-33, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010) ), *cert. denied*, —— U.S. ——, 138 S.Ct. 661, 199 L.Ed.2d 552 (2018). A petition is not "second or successive" if it is the initial challenge to a specific state court judgment, *id.* (citing *In re Stansell*, 828 F.3d 412, 415 (6th Cir.2016) ), or asserts a ground for relief that was not ripe at the time the initial petition was filed. *Id.* (citing *Panetti*, 551 U.S. at 945-47, 127 S.Ct. 2842). In other words, if "the events giving rise to the claim had not yet occurred" when the petitioner filed his original habeas petition, his subsequent petition raising this claim need not meet § 2244(b)'s requirements. *In re Jones*, 652 F.3d at 605; *see also In re Tibbetts*, 869 F.3d at 405.

*In Re: Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018).

In the Amended Petition, Tebelman pleads the following Grounds for Relief:

**Petitioner's First Ground:**

Witnesses should be shielded and protected from State threats of retaliatory prosecution during cross-examination. The Appellate Court endorsed the harm when it found the Trial Court is presumed to have followed the law, but did not consider the material effect of misconduct on a witness, nor its adverse effect on Petitioner's Due Process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. When the State Court refused to consider this prosecutorial misconduct, the outcome was a fundamental miscarriage of justice, which resulted from an unreasonable application of firmly established United States Supreme Court precedent, and was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

**Supporting facts**: In her affidavit and again during her hearing, G.B. swore that she attempted, during the course of trial, to retract her former allegation against Petitioner and was intimidated by the prosecutor's reaction. At the hearing, when G.B. testified as to this attempted retraction, the same prosecutor threatened G.B. with criminal prosecution and usurped his position of power to intimidate the 18 year old witness with a show of force. G.B.'s demeanor changed and her subsequent testimony was irreparably altered. The Court of Appeals did not consider the effect of the intimidation on G.B.'s testimony.

**Petitioner's Second Ground:**

Defendants should be able to reasonably rely on a trial court's certification that a complete record has been filed with the Appellate Court, in order to have claims fairly considered.  When the State Court ignored half of the witness testimony presented, the outcome was the result of an unreasonable application of firmly established United States Supreme Court precedent, and was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

**Supporting facts:** At age eighteen, G.B., the alleged victim of the rape in the instant case recanted the testimony she gave at age five. At the time of her recantation, G.B. evidenced a strong recollection of her childhood. Linda Ellerbrock, the therapist who treated G.B. for years, and who was deemed an expert witness, at the request of the State, testified to the strength of G.B.'s recollection. The Court referenced, but ignored the entirety of the expert witness' testimony and discredited G.B.'s assertions that she did remember her childhood, and specifically that the rape did not occur. The Court then concluded that G.B.'s earlier testimony was more reliable than G.B.'s recantation testimony. The Court of Appeals affirmed the Trial Court holding without having read Ellerbrock's testimony because the transcript was apparently omitted from the record.

Petitioner filed Ellerbrock's testimony with the Trial Court as part of the Trial Court record. Petitioner's Praecipe ordered that the record be filed and the Trial Court certified that the Court of Appeals had been furnished with a complete transcript.

(Amended Petition, ECF No. 9-3, PageID 82).  As the undersigned reads those Grounds for Relief,

they raise claims which relate only to the new trial proceedings.   Therefore they arose after

6

Tebelman's first habeas petition had been fully litigated and could not have been included in that first case.  The Amended Petition is therefore not second or successive within the meaning of 28 U.S.C. § 2244(b) and this Court has subject matter jurisdiction to consider it.


**Statute of Limitations**


The undersigned initially recommended, *sua sponte,* that the case be dismissed as barred by the statute of limitations (ECF No. 2).  That Report was effectively withdrawn and Tebelman permitted to file an amended petition (ECF No. 8).  In the Amended Petition, he claims his failure to timely file is excused by his actual innocence (ECF No. 9-1, PageID 76-79).

The Magistrate Judge has grave doubts whether the evidence of actual innocence presented by Tebelman meets the standard for such evidence adopted in *Schlup v. Delo*, 513 U.S. 298, 319 (1995).  Nevertheless the statute of limitations is not a jurisdictional bar.  Rather, it is an affirmative defense which is forfeited if not pleaded as required by Fed. R. Civ. P. 8(c).  *Day v. McDonough*, 547 U.S. 198 (2006); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).  *Day* allows, but does not require, a district court to raise the defense *sua sponte*, which was the basis of the Magistrate Judge's having done so on the preliminary screen.  But because Respondent has not pleaded that defense, the Magistrate Judge declines to raise it again *sua sponte*.


**Cognizability**


Both Grounds for Relief present claims of denial of due process in the new trial proceedings.  Respondent asserts such claim are not cognizable in habeas corpus because they do

not attack directly the underlying criminal judgment, but rather the judgment of the Third District denying a new trial.  That is to say, if the writ were granted, it would not order Tebelman's immediate and unconditional release, but only that he be granted a new trial or at least a new trial proceeding where the constitutional errors that occurred in the prior new trial proceedings are eliminated.

Respondent relies on *Kirby v. Dutton,* 794 F.2d 245 (6th Cir. 1986).  There the petitioner had filed a state post-conviction proceeding to obtain relief from his conviction.  Tennessee law required appointment of counsel in those cases.  After he lost, Kirby filed a federal habeas corpus petition in which he asserted he had received ineffective assistance of trial counsel in violation of the Sixth Amendment and been denied due process and equal protection in the collateral proceeding.  The Sixth Circuit found the claims were not cognizable in habeas "because the claims address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration." *Id.* at 247, citing parallel decisions from other federal circuits.  To the same effect as *Kirby* is *Cress v. Palmer*, 484 F. 3d 844 (6th Cir. 2007).

Based on this controlling case authority, which Tebelman has made no effort to rebut, his Amended Petition should be dismissed for failure to state a claim on which habeas corpus relief can be granted.

**Merits**

If the Court were to reach the merits, it would be obliged to apply the standard adopted by the AEDPA which requires deference to the state courts unless their decision is an objectively unreasonable application of clearly established Supreme Court precedent or results from an

objectively unreasonable determination of the facts.  28 U.S.C. §§ 2254(d)(1) and (2).

The Third District considered this claim as the Seventh Assignment of Error on appeal and found that the prosecutor's cross-examination was not misconduct.  *State v. Tebelman, supra,* ¶¶ 90-97.  Petitioner has offered no argument as to why this is an unreasonable application of Supreme Court precedent.

On habeas review, "the relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).  We are dealing here with cross-examination rather than prosecutorial argument. Tebelman has offered no argument as to why the prosecutor's cross-examination was unfair.  It was plainly designed to determine whether the victim's recantation was credible or not, the key question in the motion for new trial.  If G.B. felt pressured by being reminded that lying under oath is a serious felony, that was not inappropriate and she was offered representation to deal with it.  The Magistrate Judge concludes that Tebelman was not denied due process because his principal witness was vigorously cross-examined.

Tebelman has also not shown the Third District's decision as to consideration of the Linda Ellerbrock testimony was an unreasonable application of Supreme Court precedent.  In considering Tebelman's Fifth Assignment of Error on appeal, the Third District noted that Ohio law of appellate procedure places the burden of ensuring a complete record on the appellant's counsel. Because the appellate record did not contain a transcript of the Ellerbrock testimony, the Third District could not consider the Fifth Assignment on its merits.

The Magistrate Judge is aware of no Supreme Court precedent which entitles a state court appellant, as a matter of constitutional law, to rely on the certificate of a trial court that the record

is complete. Plainly that is a duty which can be placed on appellate counsel and no authority cited or otherwise known to this Court holds to the contrary. The Court has held that indigent criminal defendants must be furnished with a transcript for appeal. *Griffin v. Illinois*, 351 U.S. 12 (1956). Tebelman, however, is not indigent. Were he to attempt to excuse his failure to provide the Ellerbrock transcript by claiming ineffective assistance of appellate counsel, the Court would note that no such claim has been made in the state courts, much less found to be meritorious. See *Edwards v. Carpenter*, 529 U.S. 446 (2000).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Amended Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 21, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.