# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ROBERT TEBELMAN,

            Petitioner,     :     Case No. 1:24-cv-382

   - vs -                          District Judge Douglas R. Cole
                                        Magistrate Judge Michael R. Merz

MICHAEL DEMARTINO,
  WARDEN, London Correctional
  Institution,

                                     :

           Respondent.

## DECISION AND ORDER DENYING MOTION TO SUPPLEMENT THE RECORD

      This habeas corpus case under 28 U.S.C. § 2254 was brought by Petitioner Robert Tebelman with the assistance of counsel to obtain relief from his conviction in the Putnam County Court of Common Pleas for rape of a child under ten years of age. The case is before the Court on Petitioner's Motion to Expand the Record to include a transcript of the testimony of the victim's therapist, Linda Ellerbrock, given at the hearing on Petitioner's Motion for a New Trial (ECF No. 25), The motion is opposed by Respondent (ECF No. 29) and Petitioner has combined his reply in support with his Reply to the Return of Writ (ECF No. 31).

      A motion to expand the record is a non-dispositive pretrial motion within the initial decisional authority of a Magistrate Judge to whom the case has been referred, subject to review by the assigned District Judge on timely objection.

1

**Litigation History**

Petitioner Robert D. Tebelman was indicted by a Putnam County grand jury on one count of rape of a child under ten. *Tebelman v. Brunsman,* 2012 U.S. Dist. LEXIS 39764, 2012 WL Case: 1:24-1004759 (N.D. Ohio Oct. 12, 2012)(Baughman, M.J., adopted without objection, 2012 U.S. Dist. LEXIS 39763). He was convicted by a jury and sentenced to life imprisonment. *Id.* On October 1, 2021, Tebelman filed a motion for leave to file a motion for new trial based on the newly-discovered recantation of the allegations of rape by the victim (State Court Record, ECF No. 16, Ex. 10). Leave to file was granted and the trial court heard the new evidence, but denied a new trial. *Id.* at Ex. 16). Tebelman appealed, but denial of a new trial was affirmed. *State v. Tebelman*, 211 N.E. 3d 150, 2023-Ohio-882 (Ohio App. 3d Dist. Mar. 20, 2023). The Ohio Supreme Court declined jurisdiction over a further appeal. *State v. Tebelman*, 170 Ohio St. 1493 (2023). Tebelman filed his original Petition in this case on July 17, 2024 (Petition, ECF No. 1).

In ordering Respondent to answer the Petition, the Court ordered that "[b]efore filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case." (Order, ECF No. 10, PageID 84). This language is incorporated from Rule 5 of the Rules Governing § 2254 Cases and relies in the first instance on the professional judgment of Respondent's counsel as to what parts of the state court record are required.

With the Return, Respondent's counsel filed over 1,500 pages of the state court record ("State Court Record," ECF No. 16). At the time (December 2024), Petitioner's counsel made no objection to the completeness of the record as filed. However, after the undersigned filed a Report recommending dismissal (ECF No. 18), Petitioner objected (ECF No. 21) and District Judge recommitted the case (ECF No. 22). Only then on February 24, 2025, did Petitioner's counsel seek to expand the record.

2

The instant Motion seeks to add to the State Court Record the transcript of the testimony of Linda Ellerbrock at the February 14, 2022, state court hearing on the motion for new trial (ECF No. 25). The victim of Petitioner's crime, Gwenyth Blevins, recanted her trial testimony in an Affidavit filed with the motion for new trial and then in a December 22, 2021, hearing on that motion. The trial court then sat to hear testimony from Ms. Ellerbrock. Ms. Ellerbrock identified herself as a licensed social worker and a licensed professional clinical counselor (Transcript, ECF No. 25-1, PageID 1744-45). She apparently began to see Ms. Blevins in that capacity when Blevins was in the seventh grade while Ellerbrock was working at a place called Pathways. By the time of the hearing, Ms. Blevins was a senior and Ms. Ellerbrock remained her counselor, but at a different place of employment.

Reading from her notes for June 1, 2018, Ms. Ellerbrock reported:

> "Client and Mom are here today. Client noticeably upset today. She stated that she has been upset for some time now. She recently realized that she lied several years ago about her mom's boyfriend at the time sexually molesting her. She stated she was only four years old and didn't understand what she was being told to do and made comments about her mom's boyfriend, gave her a bath, and touched her."

*Id.* at PageID 1752. Ms. Ellerbrock testified she found Ms. Blevins truthful. *Id.* at PageID 1754.

The responsive pleading, docketed as State Court Record was timely filed December 19, 2024 (ECF No. 16). The Order had set a deadline of twenty-one days after the Return and State Court Record were filed (ECF No. 10, PageID 85). Petitioner's counsel made no objection to the completeness of the record as filed by Respondent and filed no reply within the time allowed by the Order for Answer. The undersigned filed a Report and Recommendations after the time for filing a reply had expired (ECF No. 18). Finally, on February 21, 2025, Petitioner's counsel filed Objections to that Report (ECF No. 21). Judge Cole recommitted the case (ECF No. 22), the

3

undersigned withdrew the Report, and then ordered Petitioner's counsel to file a reply (ECF No. 24).

This Order elicited the Motion to Supplement which seeks to add to the State Court Record the transcript of the testimony of Linda Ellerbrock at the February 14, 2022, hearing on the motion for new trial (ECF No. 25). According to Petitioner's counsel, the alleged victim of Petitioner's crime, a person referred to in the Motion as "G.B." but identified by name in the hearing as Gwenyth Blevins, recanted her trial testimony and thereby proved Petitioner to be innocent. Ms. Ellerbrock was permitted to read from a letter she wrote to counsel's[1] investigator, Tom Pavlish. *Id.* at PageID 1746.

Following the hearing and receipt of post-hearing briefs, Judge Schierloh filed a nineteen-page single-spaced decision denying the motion for new trial (Judgment Entry, State Court Record 16, Ex. 10). He discussed thoroughly the testimony from the trial, including the minimal testimony from Gwenyth Blevins, but noted the extensive testimony from examining medical personnel identifying physical evidence of sexual abuse. *Id.* at PageID 248-54. He then described the process which led to Ms. Blevins' recantation, beginning with her interview by a private investigator in June, 2020. *Id.* at PageID 254-56. This led to the creation of an affidavit which was the basis for the new trial motion. Because Ms. Blevins did not participate in creating the affidavit, Judge Schierloh instead relied on her live testimony at the new trial hearing on December 22, 2021. *Id.* at PageID 256.

Ms. Blevins testified not only that Petitioner did not sexually assault her, but she did not "have injuries to your anus that was [sic] due to physical trauma from forced penetration?" *Id.* at PageID 259. She testified she would remember if it had happened because

---

[1] Although Petitioner's counsel has filed papers in this case under the name "Kimberly Kendall," she is identified in the new trial proceedings as "Kimberly Kendall Corral" or "Ms. Corral."

> A. If - I feel like if I was violated in such a manner it would stick with me. I would remember it every single day. Because that is something what happens to a sexual assault victim.
>
> Q. What's the basis of your statement that a sexual assault victim would remember such an event every day?
>
> A. Because I have been sexually assaulted before, and I remember it all the time.
>
> Q. At what age?
>
> A. 13.

*Id.* at PageID 259-60. She also testified she had not been permitted to see the transcripts of her testimony at trial.

In his decision Judge Schierloh adverted several times to Linda Ellerbrock's testimony, but ultimately concluded that the victim's testimony in the new trial proceeding was not reliable and he therefore denied the motion for new trial. *Id.* at PageID 264.

Petitioner appealed to the Ohio Third District Court of Appeals, represented by the same counsel who represented him in the new trial proceedings and who continue to represent him here. On appeal Tebelman's Fifth Assignment of Error was the trial court "failed to consider the testimony of expert witness, Linda Ellerbrock." The Third District decided this Assignment of Error as follows:

> ¶ 74 "[W]hen a party seeks an appeal, the appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is the appellant's duty to provide the reviewing court with an adequate transcript." *State v. Wells*, 3d Dist. Seneca No. 16-88-2, 2002-Ohio-5318, ¶ 5. See also *State v. Clark*, 3d Dist. Wyandot No. 16-88-2, 1990 WL 7951, *1 (Jan. 29, 1990) (holding that "App.R. 9 and App.R. 10 place the burden of obtaining a transcript of proceedings upon the appellant* * *").
>
> When portions of the transcript necessary for resolution of assigned errors are omitted from the record, a court has nothing to pass upon and, thus, the court must presume the validity of the lower court's

5

> proceedings and affirm. *City of Columbus v. Hodge,* 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist. 1987), at syllabus. Thus, in failing to ensure that a transcript is filed, an appellant fails to establish any alleged errors that depend upon the absent transcript for substantiation. *State v. Pringle,* 3d Dist. Auglaize No. 2-03-12, 2003-Ohio-4235, ,r 10.
>
> Legal Analysis
>
> ¶ 75 This assignment of error raises arguments that are based upon the testimony of Linda Ellerbrock ("Ellerbrock"). According to the appellant's brief, Ellerbrock testified as an expert before the trial court at a hearing on February 14, 2022. Appellant's Brief, 19-20. However, the transcript of the proceeding on February 14, 2022 was not filed with the record in this appeal. In the absence of this transcript, Tebelman cannot establish the errors claimed in this assignment of error. For this reason, we "must presume the validity of the lower court's proceedings * * * ." *Hodge, supra*, at syllabus. Accordingly, Tebelman's fifth assignment of error is overruled.

*State v. Tebelman*, 211 N.E. 3d 150, 2023-Ohio-882 (Ohio App. 3d Dist. Mar. 20, 2023).

Petitioner's counsel argues the record from the state courts is not complete without the February 14, 2022, transcript which consists entirely of the testimony of Linda Ellerbrock (ECF No. 25). Respondent, however, opposes the Motion to Supplement (ECF No. 29), arguing that this habeas court is limited in reviewing the Third District's decision to the record that was before the Third District, citing *Cullen v. Pinholster,* 563 U.S. 170 (2011).

The relevant Ground for Relief in the Amended Petition is Ground Two which reads:

> **GROUND TWO:**
>
> Defendants should be able to reasonably rely on a trial *c*ourt's certification that a complete record has been filed with the Appellate Court, in order to have claims fairly considered. When the State Court ignored half of the witness testimony presented, the outcome was the result of an unreasonable application of firmly established United States Supreme Court precedent, and was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.
>
> **Supporting facts:** At age eighteen, G.B., the alleged victim of the rape in the instant case recanted the testimony she gave at age five.

> At the time of her recantation, G.B. evidenced a strong recollection of her childhood. Linda Ellerbrock, the therapist who treated G.B. for years, and who was deemed an expert witness, at the request of the State, testified to the strength of G.B.'s recollection. The Court referenced, but ignored the entirety of the expert witness' testimony and discredited G.B.'s assertions that she did remember her childhood, and specifically that the rape did not occur. The Court then concluded the G.B.'s earlier testimony was more reliable than G.B.'s recantation testimony. The Court of Appeals affirmed the Trial Court holding without having read Ellerbrock's testimony because the transcript was apparently omitted from the record. Petitioner filed Ellerbrock's testimony with the Trial Court as part of the Trial Court record. Petitioner's Praecipe ordered that the record be filed and the Trial Court certified that the Court of Appeals had been furnished with a complete transcript.

(Amended Petition, ECF No. 9-3, PageID 82-83).

Petitioner's Motion to Supplement the Record is denied fore the following reasons:

**Failure to State a Claim**

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

There is no federal constitutional right to rely on a certificate of a trial court clerk that a complete appellate record has been filed with the relevant court of appeals. As the Third District

noted in this particular case, under Ohio law the duty to complete the record for appeal is placed on appellate counsel. *State v. Tebelman, supra,* at ¶ 74, citing *State v. Wells*, 3d Dist. Seneca No. 13-02-17, 2002-Ohio-5318, 2002 WL 31190883, ¶ 5. *See also State v. Clark*, 3d Dist. Wyandot No. 16-88-2, 1990 WL 7951, *1 (Jan. 29, 1990) (holding that "App.R. 9 and App.R. 10 place the burden of obtaining a transcript of proceedings upon the appellant * * *"). Petitioner cites no Supreme Court precedent holding that this is an unconstitutional allocation of the burden of production.

**Procedural Default**

Moreover, this claim, considered as a federal constitutional claim, is procedurally defaulted. In this case, the Clerk of the Putnam County Court of Common Pleas certified on May 3, 2022, that the appellate record had been transmitted to the Third District. The function of this certification is to start the time running for appellant's brief which is due to be filed "within twenty days after the date on which the clerk has mailed the notice required by App. R. 11(B)." Ohio R. App. P. 14(A). It does not shift the burden of ensuring the record on appeal is complete from appellate counsel to the Clerk.

The documents before this Court show that on February 16, 2022, the official court reporter who recorded the proceedings on February 14, 2022, Susan Ingraham, wrote an email to Katerina MacGregor[2], in which Ms. Ingraham represented that she had transcribed the February 14, 2022, testimony and was attaching a copy and that the transcript **would be** [**not** "had been"] received by the Common Pleas Court the same day (ECF No. 25, PageID 1735). The copy of that transcript

---

[2] An attorney associated with Attorney Kendall in representing Mr. Tebelman and who participated in the February 14, 2022, hearing on his behalf.

filed with this Court, however, does not show that it was ever filed in the Common Pleas Court – it bears no date stamp. See PageID 1736. Nor is the authentication certificate at the conclusion of that transcript actually signed by Ms. Ingraham. See PageID 1780. Based on the evidence before this Court, Petitioner's counsel did not fulfill their obligation to place the Ellerbrock testimony before the Third District.

If somehow the Third District had a constitutional duty to consider testimony that was not before it as a result of counsel's prior procedural default in ensuring the record was complete, then Ohio law provided a remedy. Counsel certainly knew as soon as the Third District released its decision that the Ellerbrock transcript was not in the appellate record. Ohio law allows a litigant ten days to seek reconsideration, yet counsel never sought such reconsideration and have not offered any excuse for failing to do so.

To the extent Tebelman's Ground Two is intended to be a constitutional claim, it was procedurally defaulted in a third way by not presenting it as a constitutional claim to the Ohio Supreme Court. The exhaustion doctrine requires that all claims made in habeas be first presented in a full round of state court review, including to the state's highest court. Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). There is not a whisper of reference to federal constitutional law – text or precedent – in Petitioner's Memorandum in Support of Jurisdiction on the relevant Proposition of Law (See State Court Record, ECF No. 16, PageID 723-24)[3].

Petitioner attempts to overcome his procedural defaults by claiming actual innocence (Reply, ECF No. 31, PageID 1833, *et seq*.). The two pieces of new evidence on which Tebelman

---

[3] Despite the lack of constitutional references, Petitioner's counsel take time to accuse the Third District of being "disconcerting[ly] flippant" for not advising counsel they had not fulfilled their own duty of completing the appellate record (Memorandum, State Court Record, ECF No. 16, Ex. 19, PageID 724).

relies – the recantation of the complaining witness and the Ellerbrock testimony – are not the sort of new evidence envisioned by the Supreme Court in *Schlup v. Delo*, 513 U.S. 298 (1995). As the Sixth Circuit explained in *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005),

> "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Id.* at 590. The recantation of the complaining witness amounts to an eyewitness account, but its reliability is highly questionable in light of Judge Schierloh's analysis. The Ellerbrock testimony is not one of the sorts of evidence enumerated in *Souter*. Indeed, it is questionable if it is admissible in this Court at all, consisting as it does of an opinion that someone else is telling the truth. See Fed. R. Evid. 609. Tebelman has not established his actual innocence so as to excuse his procedural defaults.

**Limitation to Record Before the Deciding State Court**

Finally, the Supreme Court has limited the record a habeas court may consider in evaluating a state court decision to the record that was before the state court. *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020). Petitioner's discussion of *Pinholster* confuses expanding the record with *de novo* review, an entirely different issue (Reply, ECF No. 31, PageID 1833).

**Conclusion**

Petitioner's Motion to Supplement the Record is denied.

Petitioner has a right to appeal to District Judge Cole from this decision. In any such appeal, counsel is cautioned to obey the Order for Answer and include proper record references.

March 26, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

11