# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ROBERT TEBELMAN,

        Petitioner,      :      Case No. 1:24-cv-382

  - vs -                          District Judge Douglas R. Cole
                                   Magistrate Judge Michael R. Merz

MICHAEL DEMARTINO,
  WARDEN, London Correctional
   Institution,

                                 :
        Respondent.

## TRANSFER ORDER

This case is before the Court on Petitioner's Response (ECF No. 43) to the Magistrate Judge's Order to Show Cause why this case should not be transferred to the Sixth Circuit Court of Appeals for its determination of whether the case may proceed (ECF No. 35).

This Court has determined that the instant case is a second or successive habeas corpus petition because it seeks relief from the same judgment of conviction which was the subject of *Tebelman v. Brunsman*, Case No. 3:10-cv-2271 on the docket of the United States District Court for the Northern District of Ohio, to wit, Tebelman's conviction in Putnam County, Ohio, Common Pleas Case No. 2008-CR-62 on one count of rape of a child under ten on April 8, 2009. Tebelman's original and amended Petitions both erroneously disclaimed any prior presentation to federal court, but that error has now been corrected (ECF Nos. 38, 41).

The initial determination of whether a petition is second or successive is to be made by the

District Court. *In re: Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). When the District Court errs in that determination, the practice of the Sixth Circuit has been to find that permission to proceed is unnecessary and to remand the case. *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015), citing *Howard v. United States*, 533 F.3d 472 (6th Cir. 2008); *In re: Cedric E. Powell*, Case No. 16-3356, 2017 U.S. App. LEXIS 1032 (6th Cir. Jan. 6, 2017). A district court lacks jurisdiction to consider a second or successive petition without approval by the circuit court. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016). Thus to proceed in a case which is apparently second or successive without submitting it to the circuit court risks expending litigant and court time on proceedings which ultimately must be ignored for lack of subject matter jurisdiction.

Once a District Court determines a petition is second or successive, it must transfer the case to the circuit court. *In re Sims*, 111 F.3d 45 (6th Cir. 1997). In responding to the Magistrate Judge's Order to Show Cause, Petitioner has agreed the case must be transferred (ECF No. 43, PageID 2242-43).

Accordingly, pursuant to 28 U.S.C. § 1631, the Clerk is ordered to transfer this case to the United States Court of Appeals for the Sixth Circuit for its determination under 28 U.S.C. § 2244(b) whether the case may proceed in this Court.

April 8, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge